IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LESLY SHULAY JANAMPA DELGADO, | ) ) ) | |
| Petitioner, | ) ) ) | Case No. CIV-26-881-R |
| v. | ) ) | |
| MARKWAYNE MULLIN, et al., | ) ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Lesly Shulay Janampa Delgado seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. Petitioner filed an emergency motion for a temporary restraining order and non-transfer order, Doc. 2. For the reasons set forth below, the undersigned recommends the Court deny Petitioner's motion.

**I. Temporary Restraining Order requirements.**

Under Federal Rule of Civil Procedure 65(b)(1), a court may only grant a motion for a temporary restraining order without notice, if the moving party

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

has complied with certain requirements, including "certif[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Petitioner has not complied with those requirements here as she has not submitted to the Court any certification of efforts made to give notice to Respondents before filing the motion. The undersigned also directed Respondents to respond to Petitioner's habeas petition, Doc. 1, and ordered Respondents to provide the Court with 72-hour advance notice of any transfer of Petitioner. *See* Doc. 7, at 2. So, part of the relief Petitioner seeks in her emergency motion, *see* Doc. 2, at 4, has already been addressed by the Court.

Therefore, the Court should deny the motion. *See, e.g., Bahadorani v. Bondi, et al.,* No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell,* No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored").

## II.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's emergency motion for a temporary restraining order. Doc. 2.

The undersigned advises the parties of their right to file an objection to

2

this report and recommendation with the Clerk of this Court on or before May 15, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

ENTERED this 24th day of April, 2026.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

3