**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LESLY SHULAY JANAMPA DELGADO,** | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-881-R** |
| **v.** | ) | |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Lesly Shulay Janampa Delgado, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. The Government responded, Doc. 10.[3] So the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[3] On June 8, 2026, the Court granted Petitioner's motion for leave to file a reply out-of-time, Doc. 12, giving Petitioner an additional 14 days from the date the Government reissued its response to Petitioner. *See* Doc. 13. Although the

For the reasons below, the undersigned recommends the Court grant in part Petitioner's habeas petition and order her immediate release.

## I.    Factual background and procedural history.

Petitioner is a citizen of Peru who entered the country on January 30, 2023. Doc. 1, at 6-7; Doc. 10, at 2. On January 31, 2023, the Department of Homeland Security (DHS) placed her into removal proceedings through the issuance of a Notice to Appear (NTA) which charged her as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[4] Doc. 1, Ex. 13, at 2; Doc. 10, at 2.

At some point, Petitioner was released by Immigration & Customs Enforcement (ICE) as she states that she regularly appeared for all scheduled ICE check-ins. Doc. 1, at 8. She applied for asylum in July 2023. *Id.* at 7. She maintains that she has complied with all statutory requirements for her

---

deadline for Petitioner's reply has not yet passed, given the recommendation, the undersigned concludes it is in the interest of justice to promptly file the Report and Recommendation. Petitioner may still object to this Report and Recommendation in the normal course.

[4]    This section is codified at 8 U.S.C. § 1182(a)(6)(A)(i). That section provides that a noncitizen who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General is ineligible to be admitted to the United States. *Id.* § 1182(a)(6)(A)(i).

2

asylum application. *Id.* And that she was "authorized to work in the United States and has engaged in lawful economic activity, including [the] operat[ion of] an online business and [has] maintain[ed] consistent employment." *Id.* Before being detained, she resided in Tulsa, Oklahoma, where she "developed substantial community and family ties." *Id.*

On February 18, 2026, Petitioner was detained at her scheduled ICE check-in "without being provided a clear . . . basis for her detention, without being presented with a warrant, and without any allegation[s] that she had violated any condition[s] of her prior release." *Id.* at 8. She was initially "transferred to the Bluebonnet Detention Center in Texas" and then to "the Diamondback Correctional Facility in Watonga, Oklahoma," where she remains detained as of date. *Id.*

Petitioner's removal proceedings are ongoing with a master hearing scheduled for June 16, 2026. *See id.*; https://acis.eoir.justice.gov/en/caseInformation (last visited June 11, 2026).

## II.   Petitioner's claims.

Petitioner raises four grounds for relief:

(1)   Unlawful detention under the INA;

(2)   Violation of the Fifth Amendment (Due Process);

3

(3)     Unlawful agency action under the Administrative Procedure
        Act (APA); and

(4)     Violation of the Fourth Amendment (Unlawful Seizure).

Doc. 1, at 12-15. Petitioner asks the Court to declare that her continued detention is unlawful; order Respondents to provide her with a prompt and constitutionally adequate individualized custody determination within seven days before a neutral adjudicator at which the Government bears burden of proving, by clear and convincing evidence, that her continued detention is necessary or to immediately release her if they fail to provide her with such hearing within the allowed time; or, in the alternative, grant her immediate release due to her unlawful detention. *Id.* at 17.

## III.   Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d

4

1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Discussion.

### A.    Petitioner's unsuccessful claims.

The Court cannot grant Petitioner relief on Claims III and IV of the Petition. Petitioner's APA claim is improperly brought in a habeas action. The APA provides a cause of action only where there is no other adequate remedy in court. *See* 5 U.S.C. § 704. Challenges to the fact or duration of immigration detention are cognizable in habeas and "must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). The relief Petitioner seeks, her release from custody, is attainable through habeas corpus. So, the APA does not supply an independent cause of action.

And Petitioner's fourth claim for relief is premised on her allegation that she was unlawfully seized without a warrant in violation of the Fourth Amendment. Doc. 1, at 15-16. "[T]he suppression of evidence is the typical remedy" "[f]or a Fourth Amendment violation," *Kanda v. Cole,* --- F. Supp. 3d ----, 2026 WL 1014400, at *4 (S.D. Tex. Apr. 10, 2026), but "'the 'body' or identity of a [non-citizen] in a . . . civil proceeding is never itself suppressible as a fruit of an unlawful arrest," *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). So, Petitioner cannot seek her release based on a Fourth Amendment unlawful

seizure. *See Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention).[5]

### B. Section 1226 governs Petitioner's detention.

In Claims I and II, Petitioner maintains her detention is unlawful as she has been denied a bond hearing in violation of the INA and the Fifth Amendment's Due Process Clause. Doc. 1, at 13-14.

Section 1226 governs "the usual removal process." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *2 (N.D. Cal. Sept. 12, 2025) (internal quotations omitted) (quoting *Thuraissigiam*, 591 U.S. at 108). The § 1226 process starts when the Government files an NTA with an immigration court. *Id.* at *1. Section 1226 then lets the Government arrest and detain noncitizens or release them on bond or on conditional parole. *Id.* Release is required if the noncitizen can show they are not a danger and will show up at future hearings. *Id.* If detention continues, the noncitizen gets a bond hearing before an IJ. *Id.* To be

---

[5]    This Court has granted relief for warrantless arrests claims where a habeas petitioner challenges their arrest as unlawful for failure to comply with the arrest warrant requirements of 8 U.S.C. § 1226(a). *See Singh v. Bondi,* No. CIV-26-43-J, 2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026), *adopted,* 2026 WL 483482, at *2. Here, Petitioner raises her warrantless arrest claim only under the Fourth Amendment.

released, noncitizens must show by a preponderance of the evidence that they are not a security threat, community danger, or flight risk. *Id.*

The initial decision to pursue Petitioner's detention "under § 1226(a) precludes the Government from later 'switch[ing] tracks' to subject [her] to mandatory detention under § 1225(b)(2)." *Gutierrez v. Chesnut*, 2025 WL 3514495, at *5 (E.D. Cal. Dec. 8, 2025) (citing *Salcecdo Aceros*, 2025 WL 2637503, at *8). The rule is simple: "Sections 1226(a) and 1225(b) cannot be applied simultaneously." *Salcecdo Aceros,* 2025 WL 2637503, at *8.

The Court concludes that § 1226(a) governs Petitioner's detention.[6]

## C.    Petitioner is entitled to relief under § 1226(a).

When Petitioner was detained after residing in the country for over two years, she was not subject to mandatory detention under § 1225(b)(2)(A). Respondents released Petitioner under § 1226. Petitioner is entitled to retain

---

[6]    Petitioner's request to seek asylum request does not change this outcome. This Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Hernandez Alvarez v. Warden, Fed. Det. Ctr*, 175 F.4th 1258, 1284 (11th Cir. 2026) ("This argument fails at the gate. Section 1225(b)(2)(A) makes it clear that an applicant for admission's status as one 'seeking admission' becomes relevant upon examination by an immigration officer, which occurs *before* a § 1229a proceeding even commences." (quoting 8 U.SC § 1225(b)(2)(A)).

the legal protections under § 1226(a) that Respondents cannot erase by simply "switching tracks." *Salcedo Aceros*, 2025 WL 2637503, at *8; *Briceno Solano v. Mason*, 2026 WL 311624, at *14 (S.D.W. Va. Feb. 4, 2026). To release Petitioner, DHS had to determine that Petitioner's release "would not pose a danger to property or persons," and that she was "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). And Respondents identify no change in circumstances that required revocation of Petitioner's conditional release. So she must be released. *See Cunha v. Freden,* 175 F.4th 61, 70 (2d Cir. 2026) (concluding the petitioner's detention was "governed by Section 1226(a), not Section 1225(b)(2)(A)," and explaining that its holding "allows noncitizens . . . who are already present in the United States and are determined not to be a flight risk or danger to the community to be released on bond under Section 1226(a) while their removal proceedings are pending").

### D.    Petitioner's procedural due process claim.

"The Fifth Amendment's Due Process Clause forbids the Government to deprive any person of liberty without due process of law. Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas,* 533 U.S. at 690 (internal quotation marks and alterations omitted); *cf. J.G.G.*, 604

U.S. at 673 ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings.").

"The [INA] establishes procedures for removing [and detaining noncitizens] living unlawfully in the United States." *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) ("The INA establishes procedures for the Government to use when removing certain noncitizens from the United States and, in some cases, detaining them.").

This Court analyzes Petitioner's procedural due process claim to determine whether she has a protected liberty interest, and what process is necessary to ensure any deprivation of that liberty interest aligns with the Due Process Clause of the Fifth Amendment. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). In examining the necessary process, the Court turns to the three factors set forth in *Mathews v. Eldridge*: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976). Respondents maintain

9

that the *Mathews* factors as applied to Petitioner's proceedings do not support habeas relief. Doc. 10, at 8. The undersigned disagrees.

"When the [G]overnment grants [a noncitizen] parole into the country, it creates a liberty interest intimately tied to freedom from imprisonment." *Sanchez v. LaRose*, 2025 WL 2770629, at \*3 (S.D. Cal. Sept. 26, 2025); *see also Iza v. Arnott*, 2026 WL 67152, at \*3 (W.D. Mo. Jan. 8, 2026) ("Individuals released on parole or other forms of conditional release have a liberty interest in their 'continued liberty.'" (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))); *Sahil v. De Anda-Ybarra*, 2026 WL 560216, at \*3 (D.N.M. Feb. 27, 2026) (finding "that noncitizens acquire a liberty interest once released from immigration detention"). Petitioner's interest in physical freedom "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 (stating that an individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects"). Respondent deprived Petitioner of her protected status when ICE detained her and placed her into custody.

Turning to the *Mathews* factors, the Court finds that Petitioner has a significant private interest in remaining free from detention after spending three years in the United States before her present detention. By initially releasing Petitioner on parole under § 1226(a), the Government necessarily

10

determined that she was "neither a security risk nor a risk of absconding," 8 C.F.R. § 212.5(b), and there is no evidence that there was a change in this assessment. By permitting Petitioner to remain at liberty for three years, the Government enabled Petitioner to develop a protected liberty interest in remaining out of custody. To be sure, "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). But that power remains "subject to important constitutional limitations." *Zadvydas*, 533 U.S. at 695. And it does not erase Petitioner's significant interest in remaining free from detention.

Respondent does not suggest Petitioner violated any laws while in the United States. During her release, Petitioner's interest in release grew even stronger as she worked and "form[ed] the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482; *see* Doc. 1, at 7. The first *Mathews* factor favors Petitioner.

Second, the Court considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. The risk of an erroneous deprivation of Petitioner's liberty interest is considerable where, as she alleges, she was arrested without any notice of the reason and provided no hearing (which Respondents do not dispute).

11

"Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient." *Saqib v. Andrews*, 2026 WL 350830, at \*6 (E.D. Cal. Feb. 9, 2026), *adopted*, 2026 WL 440566 (E.D. Cal. Feb. 17, 2026). Petitioner received no procedural safeguards to determine whether her detention is justified, and thus Respondents detained her without any stated cause. This factor weighs in Petitioner's favor. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").

Finally, the Court considers the Government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. "While this Court recognizes that the [G]overnment has an interest in enforcing immigration laws," the Government's interest in arresting Petitioner without a determination whether she posed a risk of flight or danger is low. *Saqib*, 2026 WL 350830, at \*6; *see, e.g.*, *Diaz v. Kaiser*, 2025 WL 1676854, at \*3 (N.D. Cal. June 14, 2025) ("[T[he Court concludes that the [G]overnment's interest in re-detaining Petitioner . . . is 'low,' particularly in light of the fact that Petitioner[] has long complied with his reporting requirements."). And the Court can

discern no significant administrative or fiscal burden associated with placing the burden on the Government to follow its own laws and regulations. *See, e.g.*, *Iza,* 2026 WL 67152, at \*3 ("An alien's opportunity to be heard regarding the revocation of his parole is only meaningful if the [G]overnment comports with its own internal standards regarding parole revocation."). Especially given that Petitioner's detention was not deemed necessary for three years.

## E.    Remedy.

Habeas is "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course, release." *Id.*; *see also Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."). Federal district courts have broad equitable powers to craft habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). District courts have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243*; see also United States v. Allen*, 139 F.3d 913 (10th Cir. 1998) ("If the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release." (quoting *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990))).

13

The undersigned recommends that Petitioner's continuing due process violation requires her immediate release subject to the same conditions of her earlier release.[7]

## V.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant in part** Petitioner's habeas application and **order her immediate release.**[8] **The undersigned also recommends that the Court order**

---

[7]    *See Ewere v. Cerna,* No. CIV-26-320-SLP, 2026 WL 1207088, at *1-2 (W.D. Okla. May 4, 2026) (ordering Petitioner's "immediate release" for due process violation and denial of a bond hearing); *Singh v. Noem*, 2026 WL 766228, at *10 (D.N.M. Mar. 18, 2026) ("Petitioner's . . . release is required to remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated."); *Velasquez Montillo v. Brooksby*, 2026 WL 592355, at *10 (D. Utah Mar. 3, 2026) (concluding immediate release was the appropriate remedy where "there has been no notice of a change in circumstances requiring modification of the November 2021 [order of release on recognizance]"); *Vielma Uzcategui v. Brooksby*, 2026 WL 622751, at *13 (D. Utah Mar. 5, 2026) (same as to petitioner ordered released on her own recognizance in September 2023); *Murzi v. Noem*, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (ordering petitioner's immediate release where petitioner had previously been released on parole).

[8]    Should the Court determine a bond hearing is the appropriate remedy, the undersigned recommends that, given Petitioner's prolonged detention under the incorrect statute, the Court should find that it is more appropriate for the Government to bear the burden of proof in this context. *See, e.g.*, *Garcia Cortes v. Noem*, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). "Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Under these circumstances, the Government ought to bear the burden of proving that Petitioner poses a danger

14

**Respondents certify their compliance with the Court's order by filing a status report within ten business days of the Court's order.**

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by June 15, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[9] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation

---

to the community or a risk of flight such that she should remain in detention. The clear and convincing standard that generally "applies to civil detention where liberty is at stake" is appropriate here as well. *See L.G.*, 744 F. Supp. 3d at 1186 (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979)).

[9]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to three days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 11th day of June, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE