**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

LESLY SHULAY JANAMPA               )
DELGADO,                           )
                                   )
                Petitioner,        )
                                   )
v.                                 )          Case No. CIV-26-881-R
                                   )
MARKWAYNE MULLIN, et al.,          )
                                   )
                Respondents.       )

**ORDER**

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell, who issued a Report and Recommendation [Doc. No. 15] recommending the Court grant the Petition in part and order Respondents to immediately release Petitioner. Respondents filed an Objection [Doc. No. 16]. Petitioner filed a Notice of Supplemental Immigration Court Order and Request for Prompt Adoption of Report and Recommendation [Doc. No. 17].[1] The Court will now conduct a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Petitioner was previously apprehended, issued an NTA, and released by ICE. She was re-detained by ICE in February of 2026. Judge Mitchell found Petitioner is detained

---

[1] In the Notice, Petitioner asks this Court to promptly adopt the Report and Recommendation issued by Judge Mitchell and indicates that since the issuance of the Report, an Immigration Judge denied Petitioner custody redetermination pursuant to 8 C.F.R. § 1236 because it lacked jurisdiction [*See* Doc. No. 17-1].

1

pursuant to § 1226 and Respondents have not identified a change in circumstances that required revocation of her conditional release. Judge Mitchell further found Petitioner's continued detention violates her procedural due process rights. She ultimately recommends that this Court should order Petitioner's release due to both (1) the misapplication of the INA to her detention and (2) the ongoing due process violations.

Respondents object to Judge Mitchell's conclusion that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Upon de novo review, and in accordance with the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026), the Court concludes § 1226(a) governs Petitioner's detention.

Respondents argue that if this Court finds Petitioner is detained pursuant to § 1226, it should limit Petitioner's relief to a bond hearing because Petitioner, as master of her claims, requests relief primarily in the form of a bond hearing.[2] In any event, upon review the Court finds the proper relief here is what Petitioner is due under § 1226: a bond hearing. *See Santillan Quiroz*, 2026 WL 1876709, at \*17 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond

---

[2] Notably, Petitioner primarily requests an individualized bond hearing as relief for Respondents' statutory violation and asks for her immediate release should Respondents fail to promptly provide such a hearing. However, Petitioner does request her immediate release in the Notice [Doc. No 17] she filed with this Court.

hearing before an IJ."); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026) ("The proper remedy is an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)."). And, "[b]ecause the Court grants habeas relief to Petitioner on the basis of [her] statutory claim and directs that Petitioner be provided a bond hearing in accordance with § 1226(a), the Court declines to address the due process claim[]." *Carranza-Mejia v. Noem*, No. CIV-26-076-SLP, 2026 WL 483650, at *2 (W.D. Okla. Feb. 20, 2026).

Accordingly, the Report and Recommendation of Judge Mitchell is PARTIALLY ADOPTED. The Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED in part[3] and Respondents are directed to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release her if she has not received such a hearing within that period.[4] Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 15th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Neither Petitioner nor Respondents object to Judge Mitchell's findings that this Court cannot grant Petitioner relief pursuant to her APA or Fourth Amendment claims. The Court accordingly does not grant relief pursuant to such claims.

[4] "At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework." *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026). Although Petitioner is entitled to a custody determination hearing, the Court declines to prospectively specify or alter the burden of proof at this stage. *Id. See also Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings.").